UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan Petersen, | Case No. 21-cv-1533 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sherlinda Wheeler, Warden, et al., | |
| Respondent. | |

On July 6, 2021, this Court ordered petitioner Ryan Petersen to show cause why his petition for a writ of habeas corpus should not be dismissed due to failure to exhaust state-court remedies and for untimeliness. *See* Docket No. 6. Petersen has now responded to the order to show cause. *See* Response [Docket No. 8-3]. For the reasons explained below, this Court recommends, consistent with Petersen's response, that this matter be dismissed without prejudice.

In his response to the order to show cause, Petersen acknowledges that has not yet presented his claim for relief to the Minnesota Supreme Court as required by 28 U.S.C. § 2254(b). *See* Response at 1-2. Petersen states that he has recently filed a petition for postconviction relief in state court raising identical claims to that raised in his federal habeas petition. *Id.* at 1. The state-court postconviction petition remains pending. Because the claim has not yet been adjudicated in the state courts, "Petitioner requests the Court grant him stay and abeyance in the federal proceedings until the state claims are fully exhausted or, alternatively, dismiss his federal petition without prejudice so that he may re-file the federal petition once the state claims are fully exhausted." *Id.* at 1-2.

1

The stay-and-abeyance procedure alluded to by Petersen — often referred to as a *Rhines*[1] stay because of its derivation from that case — would not be appropriate here. A *Rhines* stay is properly employed to avoid a specific trap sometimes faced by federal habeas petitioners. Federal law requires both that habeas petitioners fully exhaust state remedies for their claims, *see* 28 U.S.C. § 2254(b), and that petitioners present their claims within the limitations period set forth in 28 U.S.C. § 2244(d). Ordinarily, where a habeas petition is dismissed due to failure to exhaust state remedies and the petitioner later succeeds in exhausting state remedies, the petitioner may then return to federal court and present his now-exhausted claim for relief. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). The statute of limitations, however, still applies to the later-filed habeas petition. Where a habeas petitioner can show good cause for his failure to first exhaust state remedies, a federal court may stay rather than dismiss the habeas petition while the petitioner completes the exhaustion process in state court. The habeas petitioner thus gets the benefit of the original filing date for purposes of the statute of limitations.

In this case, Petersen would gain little benefit under the statute of limitations from this petition being stayed. As explained in this Court's prior order to show cause, the present habeas petition was already filed more than one year after the criminal judgment became final in Petersen's case. *See* Docket No. 6 at 3-4 (citing 28 U.S.C. § 2244(d)(1)(A)). If § 2244(d)(1)(A) governs the timeliness of the habeas petition, Petersen is out of luck; a *Rhines* stay would not serve any purpose because any habeas petition filed by Petersen would be untimely.

---

[1] *See Rhines v. Weber*, 544 U.S. 269 (2005).

2

Petersen argues in his response to the order to show cause that his petition is timely due to newly discovered evidence that could not have been found prior to June 9, 2021, and that the limitations period for his claim therefore began on that date, rather than the date on which judgment became final in the criminal proceedings. *See* Response at 2 (citing 28 U.S.C. § 2244(d)(1)(D)). If this is true, however, than a *Rhines* stay would be almost equally pointless, though for a different reason. On Petersen's account, the limitations period had only just begun when he filed his federal habeas petition and state petition for postconviction relief. The federal habeas statute of limitations remains tolled throughout the period that Petersen's state petition for postconviction relief remains pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Because the limitations clock will remain stopped throughout the state postconviction proceedings, a second federal habeas petition filed by Petersen will be untimely only if Petersen waits almost an entire year after the conclusion of the state-court proceedings to bring a second habeas petition.[2]

Although this Court does not believe that the stay requested by Petersen would be appropriate, Petersen's alternative request that this matter be dismissed without prejudice so that he may first exhaust state-court remedies may reasonably be granted, to the benefit of all parties. Petersen would be allowed an opportunity to fairly present his claims to the state courts, including the Minnesota Supreme Court, as required by § 2254(b).

---

[2] Again, this assumes that § 2244(d)(1)(D) rather than § 2244(d)(1)(A) governs the timeliness of the current habeas petition. If § 2244(d)(1)(A) establishes the limitations period for Petersen's claim, then his current petition is untimely, and any second petition will be untimely as well.

3

The state courts, in the interests of comity, would be permitted the opportunity to first adjudicate Petersen's claims for relief (whether on the merits or on state-law procedural grounds). And this Court would gain the benefit of the state courts having first reviewed the questions of law and fact presented by Petersen.[3]

Accordingly, consistent with Petersen's request, it is recommended that this matter be dismissed without prejudice. In light of the request for dismissal, Petersen's pending application to proceed *in forma pauperis* [Docket No. 7] may be denied as moot. No certificate of appealability should issue in this case.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, this Court RECOMMENDS that:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of petitioner Ryan Petersen [Dkt. No. 7] be DENIED AS MOOT.

3. No certificate of appealability be issued.

Dated: August 24, 2021                       s/David T. Schultz
                                                                                     DAVID T. SCHULTZ
                                                                                     U.S. Magistrate Judge

---

[3] For example, Petersen argues in his response to the order to show cause that even if his petition were found to be untimely under § 2244(d)(1)(D), he should be permitted to proceed either on the grounds of equitable tolling or actual innocence. *See* Response at 3-4. Factual findings made by the state courts in adjudicating Petersen's claim for relief may clarify the extent to which Petersen may avail himself of those doctrines when he returns to federal court.

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).