UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ryan Petersen,                                    File No. 21-cv-01533 (ECT/DTS)

      Petitioner,

v.                                                **ORDER ACCEPTING REPORT
                                                  AND RECOMMENDATION**

Sherlinda Wheeler, Warden, et al.,

      Respondent.

---

Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") dated August 24, 2021 [ECF No. 9] in which he recommends that Petitioner Ryan Petersen's petition for a writ of habeas corpus be dismissed without prejudice and that his application to proceed in forma pauperis be denied as moot. R&R at 4. Under Local Rule 72.2(b)(1), the Parties were required to file and serve specific written objections, if any, to the R&R "within 14 days after being served" with the R&R.

On August 26, 2021, two days after Magistrate Judge Schultz issued the R&R, the Clerk received a letter from Petitioner. ECF No. 10. The letter is dated August 22, 2021, two days before the R&R was filed. In the letter, Petitioner writes:

> This letter is in response to the Petition you received and filed in my name on August 9, 2021. I ask that this court reject this Petition and its claims, as I to [sic] reject all claims brought forth in the Petition. I did <u>NOT</u> authorize these claims.

Letter at 1. Petitioner goes on to explain that he "retained the National Post Conviction Project to assist" him and that this organization "filed the Petition on my behalf without my consent of the information being presented before this Court." *Id.*

Petitioner's letter raises questions. For example, Petitioner's petition for a writ of habeas corpus was filed June 30, 2021, not August 9. *See* ECF No. 1. Petitioner filed a reply to a show-cause order on August 9. ECF No. 8. Though Petitioner writes in his letter that he did not authorize these claims, the Petition and reply to the show-cause order were presented as having been signed by Petitioner pro se. Petition at 18; Reply at 4. The letter also raises questions concerning Petitioner's intent and capacity.

In another case, questions like these might require further attention and resolution. Here, they do not, and the R&R will be accepted. Petitioner's letter cannot reasonably be understood to assert objections to the R&R. It is dated two days before the R&R was issued. Though Petitioner has had several weeks to lodge objections to the R&R, he has not. Neither has Respondent. In this circumstance, the R&R is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The R&R is not clearly erroneous. It might be different if Petitioner's letter somehow anticipated a problem with the R&R, but it doesn't. On the contrary, by requesting rejection of the Petition in his letter, Petitioner is understood to seek the same result recommended in the R&R.

Therefore, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 9] is **ACCEPTED**;

2. Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

3. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 7] is **DENIED AS MOOT**;

4. This action is **DISMISSED WITHOUT PREJUDICE**; and

5. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 6, 2021
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court